IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CISSY JOHNSON                                                                                              PLAINTIFF

V.                                                                        CIVIL ACTION NO.2:06CV112-GHD-JAD

HARRY HOOPII, et al.                                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

On October 3, 2006, plaintiff, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Johnson was attacked by Harry Hoopii, another inmate in his cell. Hoopii has a history of mental problems, but he had not had any altercations or arguments with Johnson prior to this attack, nor made any threats to attack Johnson. In order to state a claim for failure to provide protection from attack by another inmate there must be some allegation of conscious or callous indifference to the prisoner's rights. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). Negligence or the lack of due care of the prison officials simply does not trigger the protections of the Due Process Clause. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Also, an isolated attack by another inmate does not establish the absence of the protection that is afforded inmates. *See O'Neal v. Evans*, 496 F.Supp. 867 (D.C. Ga. 1980). Here there was no discernable, specific threat to Johnson before the attack or warning to the prison officials of a danger of the attack. Under these facts there is no constitutional violation on the part of the named CCA defendants. Additionally, Johnson's claim against Hoopii is a state law, not federal claim.

The undersigned recommends that the complaint be dismissed with prejudice as to Robert Parker, Corrections Corporation of America and Chief Willie. The undersigned recommends that the

complaint be dismissed without prejudice as to Hoopii.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 5th day of October, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE